G<small>UTHRIE</small> v. F<small>EW</small>.

Opinion delivered November 9, 1925.

1. M<small>ASTER AND SERVANT</small>—N<small>EGLIGENCE OF SERVANT CAUSING DAMAGE</small> <small>TO GOODS</small>.—In an action for negligent injury to plaintiff's goods from overflow of water from defendant's hotel situated above plaintiff's store, where there was evidence that the hotel clerk was notified that the water was running over about 6 a. m., Sunday, and he ordered the porter to mop it up, but plaintiff knew nothing about the water until 2.30 p. m., it was error to give a peremptory instruction to find for defendants, as the evidence was sufficient to warrant submission of the case to the jury, who might have found that the damage was caused by the negligence of the porter in mopping up the water or of the clerk in failing to notify plaintiff.

2. M<small>ASTER AND SERVANT</small>—L<small>IABILITY FOR NEGLIGENCE OF SERVANT</small>.— Uncontradicted testimony of plaintiff that both defendants were operating the hotel was sufficient to make a case against defend-

ants for the negligence of their employees causing injury to
plaintiff's goods by water from the room above plaintiff's store.

Appeal from Lawrence Circuit Court, Eastern Dis-
trict; *Deane H. Coleman,* Judge; reversed.

*Smith & Blackford,* for appellant.

*G. M. Gibson,* for appellee.

McCULLOCH, C. J., Appellant, Mrs. Fannie Guthrie,
instituted this action against appellees, E. A. Few and
wife, to recover damages alleged to have accrued by
reason of the negligence of appellees in the operation of
a hotel at Walnut Ridge. The answer of appellees con-
tained appropriate denials of the allegations of negli-
gence, and on the trial of the cause, at the conclusion of
the introduction of testimony by appellant, the court gave
a peremptory instruction in-favor of appellees. The
question presented on this appeal is, therefore, whether
or not there was evidence legally sufficient to sustain a
verdict in favor of appellant.

Appellant was operating a millinery store in a room
on the ground floor of a certain building in Walnut Ridge,
and had a stock of goods consisting of ladies' wear, such
as hats, caps, waists, jackets, sweaters, veiling, furs, etc.
Appellees were operating a hotel on the second floor of
the building. Early in the morning of Sunday, January
6, 1924, a guest in one of the rooms above appellant's
store room left the water running in a basin, and the
basin overflowed and flooded the room. The water went
through the floor, falling upon appellant's goods, and,
according to the testimony, damaged them to the extent
of several hundred dollars. Appellant testified that the
goods were damaged to the extent of $712.75.

Babcock, a witness for appellant, testified that he
occupied a room across the hall from the room in which
the water escaped, and that about 4:45 o'clock on Sunday
morning the occupant of the room arose to catch an early
train. He testified that when he heard the guest in the
other room he arose with the intention of dressing and
found that there was no water running in the building,

and he laid down again and dozed off, but woke up about 5:45 o'clock, and heard the water running in the room across the hall. He testified that, after hearing the water splashing as if the basin were overflowing, he went into the room and found both faucets of the basin open, and that he turned the water off. He testified that the floor was flooded at that time, and that he went down to the office at once and notified the clerk in the office. He testified that, as soon as he notified the clerk, the latter sent a negro porter up to the room to mop up the water, and that he (witness) met appellee E. A. Few about twelve o'clock and told him about the incident of the guest leaving the water running. Appellant testified that she did not receive any information about the escape of the water until about 2:30 o'clock in the afternoon.

Appellant called the night clerk of the hotel as a witness, and he testified about Babcock notifying him about 6:15 o'clock that morning that the water was running, and that he sent the negro porter to the room to mop up the water, but that he did not notify anybody of the incident.

According to the testimony, the appellees did not arise until about noon on Sunday, and knew nothing about the incident until they were told about it by appellant.

We are of the opinion that the evidence was legally sufficient to warrant a submission of the issues to the jury, and that the court erred in giving a peremptory instruction. Even though neither of the appellees were aware of the escape of the water until after the damage had been done, they are responsible in law for any damage caused by the negligence of their employees. The jury might have found that the negro porter was guilty of negligence in failing to sufficiently mop up the water so as to prevent it from flooding the room beneath, and that the night clerk was guilty of negligence, when informed of the escape of the water, in failing to notify appellant, so that she could rescue her property from injury. According to the testimony, the night clerk did nothing

but send a porter to mop up the water. He did not notify either the appellant or the appellees. If he had acted promptly in notifying appellant, or if the porter had sufficiently mopped up the room, the damage to appellant's property might have been lessened or altogether averted by preventing any considerable amount of water descending upon the goods below.

It is also contended that there was negligence on the part of appellees themselves in failing to provide a basin with a safety escape so that it would not overflow. This feature of the case, however, was not sufficiently developed, and we express no opinion at this time as to whether or not that constituted negligence.

Appellant testified that both of the appellees were engaged in operating the hotel. This was sufficient to make a *prima facie* case against them for the negligent act of their employees, and appellees introduced no testimony tending to show which one of them was the proprietor of the hotel, whether one or both. There was therefore legally sufficient evidence introduced to make a case against both of the appellees, and the court erred in giving the instruction favorable to each of them.

Reversed and remanded for a new trial.